## Kirkland *versus* Thompson.

1. The service of the writ in ejectment is *primâ facie* evidence of possession.

2. *Disclaimer* is not properly a plea in ejectment; the only proper plea is "*not guilty*," which may be limited to the real point of contest by filing a description of the part of the premises for which defence is taken, and if no more is recovered than the part *excluded* by the description, the plaintiff cannot recover costs.

Error to the Court of Common Pleas of *Armstrong county*.

This was ejectment by Samuel Thompson against Ebenezer Kirkland and Nancy Kirkland, for fifteen acres of land; tried before Hon. Joseph Buffington, P. J. Both defendants appeared, and pleaded the general issue.

The plaintiff claimed under a warrant of July 23d 1773, in the name of Morton, and the defendants under a warrant of October 18th 1773, in the name of Foulke, each for three hundred acres.

The survey under the Foulke warrant ran across the Morton survey, which was a parallelogram, cutting off a triangle from it, which had been divided between the two defendants.

On the Morton survey two lines, called the *outer* and *inner* lines, were marked. If the outer was the true line, the interference of Ebenezer's part amounted to three acres one hundred and thirty-two perches : if the inner line, to one acre one hundred and fifty-two perches. The verdict established the inner line, and was for the plaintiff. It was set aside as to Nancy, and judgment was entered on it against Ebenezer for one acre one hundred and fifty-two perches. He took a writ of error.

The defendant offered to prove by Ashbaugh, that the witness and Richards, the county surveyor, now deceased, had been together " hunting for vacant land ;" that they ran the eastern line of the Morton survey, and found a tree, which they blocked and counted, and compared the distance, and Richards pronounced it Morton's corner, &c. The offer was rejected, and exception taken.

The defendant showed a patent for the Foulke survey to Swift, and offered a deed from Swift, by his attorney McCartney, to James Kirkland, under whom defendants claim, without showing the power of attorney. McCartney testified that he had a power of attorney from Swift, but could not find it; that he executed the deed, settled with Swift, and paid him the whole purchase-money in 1831. The offer was rejected, and exception taken. To the defendants' first point, that there was no evidence that the defendants were in possession before the bringing this suit, the court answered, that the *præcipe* and writ was for fifteen acres, and described lands with reasonable certainty ; that defendants took no special defence, but pleaded not guilty to the whole ; that defendants have always claimed the land, and have been in

[Kirkland v. Thompson.]

actual possession of part of it, instituted proceedings in partition, made an entry on the land for that purpose, and warned Thompson off the land ; and denied the point.

To the second point, that neither a mere entry to make claim nor an entry when holding the inquisition in partition will enable plaintiff to maintain the action, the court answered that an entry to make partition, with other acts of claim, would be evidence of possession, and if under claim of right would sustain ejectment.

The defendant excepted to these answers.

*Golden & Neale*, for plaintiff in error.—The object of Ashbaugh's testimony was to correct the marks on the ground with the papers ; the declaration of Richards was that of a deceased person who was also county surveyor: Caufman v. The Congregation of Cedar Spring, 6 Binn. 59 ; Hamilton v. Menor, 2 S. & R. 70 ; Buchanan *et al.* v. Moore, 10 Id. 275 ; Commonwealth v. Philadelphia, 4 Harris 79 ; Kamerer v. Edelman, 11 Id. 143 ; Binder v. Pitzer, 3 Casey 333. The defendants offered to show in addition the *acts* of Richards on the ground. The loss of McCartney's power of attorney was proved. Swift received the purchase-money thirty years since and has made no claim since. This ratified the deed, and the question was one of boundary, not title.

Originally the only plea in ejectment was "not guilty," under which everything in bar of the action could be shown: Patterson v. Brindle, 9 Watts 98 ; Zeigler v. Fisher, 3 Barr 367 ; McCanna v. Johnston, 7 Harris 434 ; Kirkland v. Trimble (at last term, Western District, not reported). Plaintiff must show that defendant is in possession of *his* land. The answers of the court rest on what defendants *claimed*, not what they *did*. Ejectment is to determine possession, not to stop the *claim* of one who does not disturb the possession.

*D. Phelps*, for defendant in error.—Richards had no interest in the land nor authority to examine the lines ; his declarations would not be evidence: Bender v. Pitzer, 3 Casey 333.

There was no offer to prove the execution or contents of the power of attorney to McCartney. The service of the writ was *primâ facie* evidence of possession ; the plea of general issue admits possession of all the land: Ulsh v. Strode, 1 Harris 433 ; Steinmetz v. Logan, 3 Watts 160. A disclaimer would have put the dispute on the true ground: Harris v. Tyson, 12 Harris 361 ; Kirkpatrick v. Vanhorn, 8 Casey 131–141. If the defendant did not intend to take defence to the whole, he should have filed a description of what he claimed: Hill v. Hill, 7 Wright 525, Tripner v. Abrahams, 11 Id. 230.

[Kirkland *v.* Thompson.]

The opinion of the court was delivered, January 8th 1866, by

WOODWARD, C. J.—Thompson, the plaintiff below, claimed under a warrant and survey in the name of Isaac Morton. This tract was a parallelogram, but along the south and west sides two lines are marked upon the survey, very near together, though separate, and whose greatest divergence is at the south-west corner. These are called the outer and the inner lines, and one of the questions upon the trial was whether the outer or the inner line was the true line.

The defendant below, Kirkland, claimed under a younger warrant in the name of Frederick Foulke, which ran across the south-west corner of the Morton survey, cutting off a triangle from the parallelogram. This part of the Foulke warrant had been divided between Nancy Kirkland and Ebenezer Kirkland, by a line which left most of the interference to Nancy, though a small part of it fell to Ebenezer. If the outer line of Morton was the true line, the interference of Ebenezer's part of the Foulke tract amounted to three acres, one hundred and thirty-two perches; if the inner line be established, the interference would be but one acre and one hundred and fifty-two perches.

The ejectment was against both Ebenezer and Nancy for fifteen acres of land, and both appeared and pleaded the general issue. The inner line of the Morton survey was established by the verdict, and all the interference within it given to the plaintiff. The verdict was set aside as to Nancy, but judgment was entered upon it as to Ebenezer for the one acre and one hundred and fifty-two perches, and he took the writ of error.

The third error complains that the court refused to say that there was no evidence of the defendant's possession of the land in dispute. We suppose the service of the writ was given in evidence, though the fact does not distinctly appear, and if it was, that made out a *primâ facie* case of possession. True, the defendant might countervail it by proving himself out of possession, and had he done so, nothing could have been recovered except costs. If the defendant did not mean to take defence for any part of the interference that was within the inner line of the Morton survey, he should have limited the effect of his plea of not guilty, by filing of record a description of the land he meant to defend. In Hill *v.* Hill, 7 Wright 525, we tried to state the practice upon this subject intelligibly, and it would be well if defences in ejectment were shaped conformably to it. Disclaimer is not, properly speaking, a plea in ejectment; the only proper plea is that which the statute prescribes, not guilty. But the plea of not guilty, always applicable if standing alone to whatever is described in the plaintiff's writ, may be limited and brought down to the real point of contest by a description, filed therewith, of the part of the premises for which defence is intended to be taken. And

[Kirkland v. Thompson.]

when this is done, it operates as a disclaimer of the possession of all else in the plaintiff's writ, than that only for which specific defence is taken, and if no more is recovered than the part disclaimed the plaintiff recovers no costs.

Here there was not only no disclaimer, but there was direct proof of such acts of dominion and ownership by the defendant as amounted in law to possession. Indeed, in possession under the Foulke warrant and claiming by its lines, that fact of itself, without the other facts recited by the learned judge, was sufficient to justify ejectment when any entry had been made or an act of ownership done upon the interference in pursuance of title under the Foulke warrant. For, though the constructive possession of Thompson would not be ousted by the lines of the younger survey, yet entry and acts upon the ground, within the interference, under that survey would oust the constructive possession of the real owner and put him to his ejectment. There was evidence of such entry and acts, and therefore we think the court answered the defendant's points correctly.

The evidence offered in the first bill of exceptions was the merest hearsay, and was properly rejected. Nor was its rejection material, for the inner line of the Morton survey was established without it.

The deed mentioned in the second bill was not evidence without the letter of attorney to McCartney, and this also was an immaterial ruling, for even if Kirkland had shown no title whatever, Thompson could only recover by showing a perfect title.

Perceiving no error in the record, the judgment is affirmed.