66  319
173  155

## Lane *versus* Harrold.

1. In practice ejectment is our mode of trying title as well as the right of possession.

2. If there be a disclaimer by the defendant of title and possession, and the plaintiff proceeds for costs and damages, the only point of contest is the possession of the defendant.

3. If possession be established against the defendant notwithstanding the disclaimer, he will be subject to costs.

4. In ejectment the defendant pleaded "not guilty;" when the case was called for trial she disclaimed title to all but an undivided fourth of the land; the judgment was for the plaintiff for three-quarters and for the defendant for one-quarter. *Held*, that the plaintiff should recover his costs to the time of the disclaimer and the defendant her costs afterwards.

5. After disclaimer the plaintiff might have taken judgment for the part disclaimed and had his costs to that time.

6. After the disclaimer the contest was for one-quarter, in which the plaintiff having failed, was liable for costs under Stat. Jac. 1, cap. 3.

October 28th 1870. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Westmoreland county:* No. 179, to October and November Term 1870.

This was a question of costs in an action of ejectment, which was commenced, July 29th 1865, by Henry Lane against Bennett Lane and Elizabeth Harrold.

On the 9th of October 1866, arbitrators awarded for the plaintiff; the defendants appealed and pleaded "Not guilty." The case being on the trial list, May 24th 1866, Lane disclaimed any title in the land. Same day Elizabeth Harrold filed a plea taking defence for an undivided fourth part of the land and disclaimed title to the residue; the verdict was for the plaintiff, and judgment was entered on the verdict. The judgment was reversed by the Supreme Court, and a *venire de novo* awarded. The case was again tried November 20th 1867, and verdict rendered for the plaintiff for the undivided three-fourths of the land and for the defendant for the undivided one-fourth. The case was removed to the Supreme Court and affirmed November 1st 1869. The prothonotary having taxed costs to each party, both parties appealed.

The court ordered that " the defendant pay all the costs prior to the disclaimer, and at the term it was first tried, subsequent to said disclaimer, the plaintiff would not be entitled to costs, but the defendant would be entitled to recover costs of the plaintiff." In pursuance of this order the prothonotary taxed the costs as follows :—" Defendants to pay plaintiff's bill of costs at May Term 1866; plaintiff to pay defendants' bills of costs at May and November Terms 1867, &c."

On a writ of error, the plaintiff assigned for error :—

1. Not allowing the plaintiff to recover the whole amount of his bills of costs as taxed by the prothonotary.

[Lane *v.* Harrold.]

2. Allowing the defendants to recover from plaintiff their bills of costs of May and November Terms 1867.

*H. P. Laird* (with whom was *H. C. Marchand*), for plaintiff in error, cited Stat. 6 Edw. 1, cap. 1; Roberts's Digest 107; 4 Jac. 1, cap. 3; Id. 130; 8 & 9 William 3, cap. 11; Id. 139; Steinmetz *v.* Logan, 3 Watts 162; Zeigler *v.* Fisher, 3 Barr 365; Mitchell *v.* Bratten, 5 Watts 69; Kirkpatrick *v.* Vanhorn, 8 Casey 131; Gill *v.* Gill, 1 Wright 312; Tripner *v.* Abrahams, 11 Id. 220; Allen *v.* Flock, 2 Penna. R. 159; Helfenstein *v.* Leonard, 14 Wright 461.

*E. Cowan* and *H. D. Foster*, for defendant in error.

The opinion of the court was delivered, January 3d 1871, by

THOMPSON, C. J.—In the text-books the action of ejectment rates merely as a possessory action, but in practice with us, it is more; it is our mode of trying title as well as the right to possession of lands and tenements. As these two elements may in a certain state of the record be severed partially or generally, and if so tried, it is sometimes a question of difficulty as to what is really the condition of parties in regard to costs incident to a verdict under such circumstances. This severance may be effected by a disclaimer of title and possession by a defendant. This, of course, leaves but a single point of contest, if the plaintiff chooses to proceed for costs and damages, viz.: the fact of the possession of the defendant. This the plaintiff may do by compelling the defendant to plead the general issue or by putting in the plea himself and proceeding to trial: Bratton *v.* Mitchell, 5 Watts 69. If this fact be established against the defendant notwithstanding the disclaimer, he will be subject to the costs of the action, but the authorities on the point agree, that if the result be the other way, the plaintiff will not be entitled to costs: Kirkland *v.* Thompson, 1 P. F. Smith 216; Hill *v.* Hill, 7 Wright 525; Tripner *v.* Abrahams, 11 Id. 230. But in such a contingency, will the defendant be entitled to tax his costs? That is the question now for adjudication.

It appears in this case, that the defendants at first took a general defence by a plea of "not guilty," but afterwards disclaimed title as to all the land described in the plaintiff's writ excepting the one undivided fourth part of it, and there was a verdict on the trial in favor of the plaintiff for the undivided three-fourth parts of the land described, and in favor of the defendants for the remaining one undivided fourth part. This was exactly according to the disclaimer. It was a finding, that the defendants had not possession of any more, or greater proportion of the lands sued for than that for which the defence was taken. Under this finding, the plaintiff claims full costs as incident thereto, notwithstanding the defendants' disclaimer and the establishment of the facts in accordance

[Lane *v.* Harrold.]

therewith; and the defendants claim costs subsequent to the disclaimer. The court below held with the defendants, and overruled the plaintiff's taxation of costs subsequent to the disclaimer, and in this we think it was right.

We have no other statute on this subject directly applicable, excepting that of 4 Jac. 1, cap. 3, reported to be in force in Pennsylvania. It is there provided that in all actions of trespass, *ejectione firmœ*, and other actions, real and personal, therein referred to, "whenever the plaintiff or demandant might have recovered costs, in case judgment should be given for him, and the plaintiff or plaintiffs, or demandant or demandants * * * be nonsuited, or that any verdict happen to pass by any lawful trial against the plaintiff or plaintiffs, * * * then the defendant or defendants, in any such action, bill or plaint, shall have judgment to recover his costs against any such plaintiff or plaintiffs, or demandant or demandants, to be assessed, taxed and levied in manner and form as costs in said recited act, 23 Hen. 8, cap. 15, are to be assessed, levied and taxed:" Rob. Dig. 129. After disclaimer of title and possession in this case, the plaintiff might have taken judgment for the part disclaimed, and had his costs up to the disclaimer. But he chose to proceed further, and then the contest was for the one-fourth of the land, for which defendants took defence. It was essentially, thereafter, an action for this portion of the land. In this the plaintiff failed and the defendants succeeded. By a fair interpretation of the statute, we think the defendants were entitled to their costs. The plaintiff had a verdict against him on his claim for the land in contest, and is within the spirit of the act, if not within its precise terms, and ought to pay costs. This I regard as largely within the practice in this state, if not wholly so, and so we understood it in Tripner *v.* Abrahams, 11 Wright 220. The defendants were entitled to their costs, having recovered a verdict and judgment in their favor.

Judgment affirmed.