## Kimble *versus* Smith.

1. To avoid a voluntary conveyance, under the statute of 13 Elizabeth, a subsequent creditor must show a fraud against himself, and not merely a fraud as to existing creditors.

2. Harlan et al. *v.* McLaughlin et al., 9 Norris 293, followed.

June 6th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Columbia county :* Of May Term 1878, No. 148.

At the trial before Elwell, P. J., the plaintiff gave in evidence the record of a judgment obtained by Kostenbader's administrators against John B. Kimble, on February 25th 1874, for $5.33, upon a claim originally for $15.40, arising in 1870, and an execution thereunder, by virtue of which the premises were taken in execution as the property of the said John B. Kimble, and sold at sheriff's sale to Daniel Smith, the plaintiff, for $185. The full value of the tract was about $600.

The defendant alleged, that at the date of the judgment and sheriff's sale John B. Kimble had no title to the land, but that the same was the separate estate of Mrs. Hannah Jane Kimble, wife of John B. Kimble, to whom it was conveyed by the following deeds, put in evidence, viz. :

1862, January 25th.　Deed.　John B. Kimble and wife to William O. Wolverton and his heirs, for the tract in question (being the same premises which William Rohrbach and wife, by indenture dated March 29th 1860, not recorded, conveyed to the said John B. Kimble in fee). Acknowledged same day. (Not recorded.)

Same date.　Deed.　William O. Wolverton to Hannah Jane Kimble and her heirs, for the same premises. Acknowledged same day.　Recorded same day.

The plaintiff's evidence in rebuttal, was substantially : That the conveyances in 1862, vesting the title in the defendant's wife, were made without consideration ; that John B. Kimble was at that time indebted to the amount of $291.41 (subsequently reduced to $166.40); that he had not then sufficient property, liable to execution, to satisfy his existing debts ; that, after the conveyances, a witness said to Kimble that the witness "believed he had put his property out of his hands to cheat his creditors," and Kimble replied: "What else would I have done it for?" and that Kimble continued to reside on the farm after the conveyances.　It did not appear that any of the existing creditors in 1862 had ever impeached the validity of the settlement of 1862.

The defendant presented, inter alia, the following points :

2. That the creditors of John B. Kimble, whose claims were subsequent in date to 1862, had due record notice of Mrs. Kimble's title, and, not having extended credit upon the faith of his owner-

[Kimble *v.* Smith.]

ship of the land, cannot impeach the conveyances of 1862, as voluntary and void. They had and have no rights to be affected thereby.

Ans. "I decline to affirm that point, and refer you again to the instruction in our general charge, to the effect that subsequent creditors may impeach a conveyance provided they can show it was made with intent to defraud creditors; though in what I have said I have instructed you that the mere fact that Mr. Kimble was indebted at that time does not of itself show that his intent was fraudulent. The amount of his indebtedness and his means of payment are to be taken into consideration in ascertaining whether his intent was fraudulent or not."

3. That the small debts of John B. Kimble, shown to have existed in 1862, not being debts upon which the sheriff's sale was made to the plaintiff, their existence furnishes no ground for the plaintiff's recovery in this action.

Ans. "I decline to charge, as a matter of law, that the debts of John B. Kimble, in 1862, furnish no ground for a recovery by the plaintiff; but I submit to you, as in the general charge, whether under all the facts, considering the amount of debts unpaid and the value of the property still retained, the conveyance on the 23d of January, 1862, was designed and intended to defraud creditors; that is, I repeat, submitted for your consideration."

The court, in the general charge, inter alia said, "Now if you find that Kimble was merely making a transfer of title, expecting to pay off his debts, and not really intending to defraud his creditors, then subsequent creditors (those whose claims accrued quite a number of years afterwards) could not complain. But if he was in debt, and if he intended to defraud creditors (although they were then existing creditors), and if subsequent creditors can show that the conveyance was made with that view, then they may take advantage of it; in other words, if the transaction was attended with fraud at the time it occurred, there would be nothing occurring afterwards to condone that fraud; and if the subsequent creditors can show that the conveyance was without consideration, that it was voluntary, and that it was made with the intention of defeating creditors, then they, the subsequent creditors, could overturn the whole transaction by causing judgment to be entered against Mr. Kimble and by the sale of the property. The case therefore must turn upon the intention of John B. Kimble at the time he made that conveyance."

Verdict and judgment for plaintiff. Defendant took this writ, assigning for error, inter alia, the answers to points and the portion of the charge above quoted.

*C. R. & W. J. Buckalew* and *John M. Clark*, for plaintiff in error.

[Kimble v. Smith.]

*Wm. H. Abbott* and *Samuel Knorr*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, June 19th 1880.

Hannah Jane Kimble, the wife of the defendant below, acquired her title to the land for which this ejectment was brought on the 23d of January 1862. It consisted of a deed from William O. Wolverton, to whom the defendant and Mrs. Kimble had executed a deed the same day. William Rohrback and his wife had conveyed the land to Kimble on the 29th of March 1860. The deeds from Rohrback and wife to Kimble, and from Kimble and wife to Wolverton have never been placed on record. That from Wolverton to Mrs. Kimble was recorded immediately after its execution. The judgment in favor of the administrators of Jacob Kostenbader, amounting to $5.30 and costs, under which the property was sold to the plaintiff below, was recovered on the 25th of February 1874.

At the trial of the cause, the allegation of the plaintiff was that the defendant had procured the conveyance to his wife to be made in order to hinder and delay his creditors. The existence of a number of unpaid simple contract debts, amounting to about $117, was proved. In addition to these, three judgments aggregating about $33, were standing open against him on dockets of justices of the peace.

There was an interval of nearly twelve years between the date of the deed from Wolverton to Mrs. Kimble and the date of the recovery of the judgment of Kostenbader's administrators. During the entire interval the deed had been upon record. The creditors whom Kimble owed had acquiesced in the settlement he had made upon his wife. Most, if not all, of his simple contract debts had been barred by the Statute of Limitations, and the judgments obtained before the justices of the peace had not been pursued. The Kostenbader judgment was in no manner connected with any of the original debts, with any transaction that had grown out of those debts, or with any business relations formed by Kimble immediately or shortly after the settlement.

May a creditor travel back to inquire into the details of an adjustment of property made without concealment twelve years before the adjustment could have interest or concern to him, and which parties having existing adversary interests had made no effort to disturb?

The court, in submitting the question of fraud to the jury, instructed them in substance that if the conveyance was made by Kimble with intent to defraud existing creditors, it was not only void as to the creditors intended to be defrauded, but also as to subsequent creditors. Under this ruling the jury found the defendant's intention to have been fraudulent.

[Kimble *v.* Smith..]

That the court below erred in its view of the law is conclusively shown by the case of Harlan *v.* Maglaughlin, decided by this court since the trial in the court below. The opinion, as delivered by Mr. Justice GORDON, will be found in 9 Norris 293, and contains a careful review of the authorities. As a result of such examination the doctrine is there laid down, following Snyder *v.* Christ, 3 Wright 499, Monroe *v.* Smith, 29 P. F. Smith 459, and other cases, that in order to avoid a conveyance under the statute of 13 Elizabeth, a subsequent creditor must show a fraud against himself, and not merely a fraud as to existing creditors. This is entirely reasonable and in harmony with the statute which avoids such conveyances only as to the parties intended to be defrauded.

The application of this principle to the case in hand is eminently proper. Here we have the sale of the property under a petty judgment of $5.30 recovered upon a debt contracted years after the settlement was made, and after the title stood in Mrs. Kimble's name upon the record. The trifling debts existing at the time of the settlement were paid or barred by the statute; if any wrong had been contemplated as to. existing creditors, it had been condoned or forgotten, at least it had not been followed up by adversary proceedings. We are unable to see any evidence in the cause that a fraud was intended by the defendant as to subsequent creditors, and the learned court should have so instructed the jury.

Judgment reversed.