## Spering *versus* Laughlin et al.

| 113 | 209 |
| 115 | 473 |
| 116 | 168 |
| 124 | 318 |

| 113 | 209 |
| 21 SC | *611 |

1. Where a married woman purchases property, as against her husband's creditors, the burden of proof is on her to show by clear and satisfactory preponderating evidence that she purchased it on the credit of her separate estate or paid for it with her own separate funds not derived from her husband.

2. When a married woman is shown to own separate estate it is a question of fact for the jury, whether she bought on the credit thereof. If she did so buy her title thereto cannot be impeached by the creditors of her husband by proving her subsequent inability to pay according to her contract. That is a matter between her and her vendor.

3. If a married woman's separate right to property be found to exist, her husband may not only act as her agent; but he has the legal right to give his wife his labor and skill in conducting her business, and his creditors cannot sell her property produced by his labor and skill with her original property.

January 13th, 1886. Before MERCUR, C. J., GORDON, TRUN- KEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Philadelphia county :* Of January Term 1885, No. 218.

The original action was in assumpsit by Robert Laughlin and Charles A. McManus trading as Laughlin and McManus against Charles Spering. Judgment for $433, was taken for want of an affidavit of defence.

Execution was issued and levied on certain goods and merchandise, which made up the stock of a dry goods store at N. W. cor. 11th and Chestnut streets, Philadelphia, as the property of the defendant. Louisa Spering, wife of said defendant, claimed said goods and merchandise as her own property, and demanded a rule for a sheriff's interpleader, which was granted and made absolute; and the said Louisa, having filed her bond, then became the plaintiff in a feigned issue, formed by the usual *narr.*, plea, and replication to test her claim of ownership in said goods and merchandise.

3 AMERMAN—14

[Spering *v.* Laughlin et al.]

The facts of the case sufficiently appear from the opinion of the Supreme Court.

The defendants submitted the following points on the trial:

1. That the plaintiff having made claim to the property set out in the declaration by purchase, during coverture, after the insolvency of the husband, she must show by evidence which does not admit of a reasonable doubt, that she bought it with her own money and paid for it with funds which were not furnished by her husband. No such evidence having been given in the case the plaintiff is not entitled to recover, and the verdict should be for the defendants.

2. Under all the evidence in the case the verdict should be for the defendant.

The Court charged the jury as follows:

I affirm both points and instruct you, that inasmuch as no authority to buy on credit was conferred on married women by the Act of 3d of April, 1872, the purchase by plaintiff of fourteen thousand dollars worth of goods on credit, her original investment being but one thousand dollars was unauthorized, and the goods were liable to the claims of her husband's creditors; and that the jury must find for the defendants.

Verdict for the defendants and judgment thereon, whereupon the plaintiff took this writ assigning for error the answer of the Court to the defendant's points and the charge to the jury.

*John T. Rogers*, for plaintiff in error.—Plaintiff having acquired a separate personal estate of the value of $1,000 by gift from another—not her husband—had a right to invest it in merchandise, buy and sell goods with its proceeds, or on its credit, and add to it the product of her services, and the property, thus acquired, is absolutely free from liability to her husband's creditors: Wieman *v.* Anderson, 6 Wright, 311; Rush *v.* Vought, 5 P. F. S., 437; Welsh *v.* Kline, 7 Id., 428; Brown *v.* Pendleton, 10 Id., 419; Silveus *v.* Porter, 24 Id., 448; Seeds *v.* Kahler, 26 Id., 262; Sixbee *v.* Bowen, 10 Norris, 149; Gibbs Co. *v.* Goe, 1 Pennypacker, 238; Shuster *v.* Kaiser, 1 Amerman, 215; Hess *v.* Brown, Id., 124.

The employment of her husband and the contribution of his services to the common fund does not alter the principle: Gibbs *v.* Goe, 1 Pennypacker, 238. See an array of cases in states cited in foot note to American Law Reg. for the year 1885, 130, 353, 470.

As to her rights under the Act of April 5th, 1872, see Bovard *v.* Kettering, 5 Out., 181. Leinbach *v.* Templin, 15 W. N. C., 17, under the facts of this case has no application.

[Spering *v.* Laughlin et al.]

*J. M. Pile*, for defendants in error.—The language of the first point is identical with Leinbach *v.* Templin, 15 W. N. C., 17.

Much reliance is placed upon the fact that the purchases were made by the wife and the bills made out in her name; but this, as has been said again and again by this Court, does not change the result. What a wife, during coverture, acquires as the result of her skill and industry, or on her merely personal credit, accrues to the husband; and as to creditors, is to be taken as his: Raybold *v.* Raybold, 8 H., 308; Bucher *v.* Neam, 18 P. F. S., 421.

Her credit is nothing in the eyes of the law; when she contracts, the law esteems her the agent of her husband: Heugh *v.* Jones, 8 Casey, 432; Hallowell *v.* Horter, 11 Id., 375; Gault *v.* Daffin, 8 Wright, 307.

Even if the wife have a separate estate commensurate with the value of the property purchased, she must show that that separate estate was the basis of the credit, and not the subject of the purchase: Lockman *v.* Brobst, 14 W. N. C., 134.

And if the wife receive a gift from a friend with which to purchase property, and afterwards the gift is repaid by a mortgage of the property purchased, she cannot claim it against her husband's creditors: Pier *v.* Siegel, 15 W. N. C., 480.

Mr. Chief Justice MERCUR delivered the opinion of the court, October, 4th, 1886.

This was a feigned issue to try the right of the plaintiff to certain personal property, levied on by virtue of execution against her husband. The learned Judge held the evidence of her ownership, as against the creditors of her husband, was insufficient to submit to the jury, and gave them binding instructions to find for the defendants.

Inasmuch as the plaintiff purchased the property during her coverture, and after her husband became insolvent, she must prove by evidence, not uncertain or doubtful, but clear and satisfactory, that she bought it on the credit of her separate estate, or paid for it with her own separate funds not derived from her husband.

The question therefore now is, was the evidence of such a certain and positive character that it should have been submitted to the jury to find whether she bought it under such circumstances as in law to give her a good title thereto against the creditors of her husband.

The witnesses on the part of the plaintiff testified substantially, that she had been employed, for many years, as a clerk, in a store carried on by her husband and his father, as co-

[Spering *v.* Laughlin et al.]

partners. In payment of her services, and as gifts from his father from time to time, during ten years previous to the spring of 1880, she had accumulated about one thousand dollars. Some of this she had invested in building associations and the residue otherwise.

In March, 1881, she presented her petition to the Court of Common Pleas of said county, under the Act of 3d April, 1872, entitled "An Act securing to married women their separate earnings." It was ordered to be filed on the day of its presentation, and on the following day was duly recorded in the office of the recorder of deeds of said county. Such record, the Act declares, shall be conclusive evidence of her right to her separate earnings, whether the same be " as wages for labor, salary, property, business, or otherwise," and shall accrue to and inure to her separate benefit and use, and be under her control independently of her husband, so as not to be subject to any legal claim of her husband, or to the claim of any of his creditors, the same as if she were a *feme sole*.

Some two months after this record was made, with the avails of her property and on the credit which she had, she purchased some goods, and established a small store which she carried on for more than a year and a half. Her stock of merchandise in January, 1883, was worth about $2,500, but she was indebted thereon some $1,500. She then purchased of Ridgway his stock of goods, good-will and fixtures, in consideration of $14,000 to be paid therefor. She borrowed and paid down $1,000, and gave her judgment note for the residue, payable in sums of $1,000 each, weekly. She transferred the merchandise from the former store to the one which she acquired from Ridgway. Very soon after her last purchase the stock of merchandise was levied on as the property of her husband. Her claim of ownership in the property led to the formation and trial of this issue.

The present contention is whether all the evidence of the plaintiff, if believed, is sufficient in law to justify a verdict in her favor?

It is true Bovard *v.* Kettering, 101 Pa. St., 181, decides, that the Act of 1872 does not confer on a married woman all the privileges of a *feme sole* trader ; yet the Act does give her the right to engage in business, and for indebtedness contracted therein gives her creditors the right to sue her without joining her husband in the suit. While it stops short of making her a *feme sole* trader in all respects, it protects her separate earnings and property from liability for the debts of her husband. It does not permit her to buy property for him under cover of her name, nor to fraudulently conceal his property to the injury of his creditors ; yet it empowers her

[Spering v. Laughlin et al.]

to protect her own property against them, when not acquired in fraud of their rights.

The fact that the husband assists in managing and conducting the business of the wife carried on in her name, is evidence proper for the jury to consider in determining the good faith of the wife's claim of property. If, however, her separate right to the property be found to exist, his services in conducting her business cannot defeat or destroy her title to the property. A husband may not only act as agent for his wife, but he has the legal right to give his wife his labor and skill in conducting her business, and his creditors cannot sell her property produced by his labor and skill with her original property: Seeds v. Kahler, 76 Pa. St., 262; Gibbs & Sterrett Manuf. Co. v. Goe, 1 Pennypacker, 238.

When a wife buys on credit, the burden of proof is on her to show that she bought on the credit of her separate estate: Silvens' Ex'rs v. Porter, 74 Pa. St., 448; Seeds v. Kahler, *supra;* Sixbee v. Bowen, 91 Id., 149. If, however, she is shown to own separate estate, it is a question of fact for the jury whether she bought on the credit thereof. If she did so buy, her title thereto cannot be impeached by the creditors of her husband by proving her subsequent inability to pay according to her contract. That is a matter between her and her vendor. Disappointed expectations alone will not change the legal effect of the purchase.

Known integrity and business qualifications of a wife may be recognized as an element in obtaining credit: yet in the absence of separate property of the wife, they are insufficient in themselves alone to protect against the creditors of her husband the property which she has purchased: Leinbach v. Templin, 15 W. N. C., 17.

Prior to the plaintiff's purchase of Ridgway, her separate property in the stock of goods held in her name does not appear to have been questioned. She had some money with which she started the business, and in her own name continued to buy and sell goods for a considerable length of time. The fact that she owed for some of those goods did not destroy her title thereto. Under the evidence it cannot be held as matter of law that her title to that stock of goods could be overthrown by the creditors of her husband.

With that stock on hand and the $1,000 which she borrowed in her own name and on her own credit, she bought of Ridgway. She did not obtain the money on the joint credit of herself and her husband; nor did he at any time or in any manner agree to pay the same, as the husband did in Pier *et al. v.* Siegel *et ux.*, 15 W. N. C., 480, where the wife had no separate estate.

In view of the property which she held in her own name, there is no legal presumption that she bought on the sole credit of the money which she borrowed.

The case of Leinbach *v.* Templin, *supra*, is urged as sustaining the court below in affirming the first point submitted by the defendant. There, however, it was admitted that the wife had no separate estate; she purchased on her personal credit only. The court below was reversed rather on the unquestioned facts than the omission to affirm the precise words of the point.

In civil cases a fact need not necessarily be proved beyond a reasonable doubt. It may generally be established by preponderating evidence. So here, if the plaintiff show by clear and satisfactory preponderating evidence that she purchased the property in contention on the credit of her separate estate, the creditors of her husband had no right to levy on it by virtue of an execution against him.

The learned judge erred in taking the case from the jury. It should have been submitted to them under proper instructions.

> Judgment reversed, and a *venire facias de novo* awarded.