## R. C. DUNCAN v. J. W. SHERMAN.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 2, 1888—Decided October 1, 1888.

1. In an ejectment by a sheriff's vendee against the defendant in the judgment on which the land was sold, if the latter disclaim title and possession in himself, the plaintiff is entitled to judgment without costs; but where issue is joined upon the fact of possession, the defendant may not defend, under the possession of his wife, against a judgment with costs, without showing affirmatively a title in her valid against his creditors.

2. While it is not required that points for instructions should be separately answered, if the jury is otherwise adequately instructed as to the legal rules upon the questions suggested, yet the method of a general answer to the points is unsatisfactory, and if the jury is left without such adequate instruction, it is ground for reversal.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS JJ.; TRUNKEY, J., absent.

No. 371 January Term 1888, Sup. Ct.; court below, No 21 September Term 1886, C. P.

On July 1, 1886, a summons in ejectment was issued at the suit of R. C. Duncan against J. W. Sherman, to recover possession of two oil leaseholds, which together formed a part of lot 109 in Mead township. On November 18th, the defendant appeared and by his attorneys filed a disclaimer of all right, title and interest in the leaseholds, and averred therein that he had never been in possession of the premises described in the writ, either before, at the time of the suit, or after. On November 30th an alias writ was served upon J. F. Keifer.

On November 21st, following, J. W. Sherman pleaded not guilty.

At the trial on January 14, 1888, by agreement the jury were sworn as to J. W. Sherman alone. The plaintiff then showed a judgment, R. C. Duncan v. J. W. Sherman, entered on March 10, 1883, and executions therefrom resulting in a sale on May 10, 1886, of the judgment defendant's interest in the leaseholds to the plaintiff in the judgment. As evidence of possession by defendant of the leaseholds in dispute, the writ was then put in evidence followed by the testimony of witnesses as to the presence of the defendant and his acts done upon the leases at different times, at and before the levies were made and since, and the plaintiff rested.

In the defendant's case in chief:

Defendant offered in evidence a lease dated April 27, 1882, from Butterfield and others to Alfred Short, together with an assignment by Alfred Short to Mrs. Annie Sherman, dated September 9, 1885, for the purpose of showing title in Mrs. Sherman, and that Mr. Sherman never did anything on the property, prior to September 9, 1885,· and then did what he did do as the agent of Mrs. Sherman; to be followed by evidence that the property was paid for by Mrs. Sherman out of her own means; this for the purpose of showing that Mr. Sherman was not in possession in his own right, but under his wife.

The offer was objected to, as incompetent and irrelevant; the defendant, being the defendant in the execution whose property was sold, cannot set up an adverse title as against the purchaser and vendee at the sale.

By the court: The controversy here, not being in regard to the title, but in regard to the possession of the defendant, J. W. Sherman, the lease is admitted as evidence preliminary to showing the character of the acts done by him, only; beyond this, it is rejected. So much of the offer as proposes to show an assignment of the lease to Mrs. Sherman, is admitted only as preliminary to proof that the acts, given in evidence by the plaintiff to show the defendant's possession, were acts done by him solely as the agent of Mrs. Sherman.

Two other assignment of leases dated September 9, 1885, by Alfred Short to Mrs. Annie L. Sherman, covering other por-

tions of the property in dispute, were then put in evidence under the foregoing offer.

Under objection as incompetent and irrelevant under the pleadings, and exception sealed for plaintiff, but admitted as showing the character of the acts done by him in connection with the leaseholds, the defendant then put in evidence the testimony of Mr. and Mrs. Sherman and others, in substance, that defendant had never had anything to do with the leaseholds before September 9, 1885, and all that he did with reference thereto after that date was as the agent of Mrs. Sherman, such as occasionally directing and helping in the operation of the leaseholds, paying employees with her checks and currency, etc.

The court, BROWN, P. J., charged the jury and answered the points presented:

[We think that under the evidence, the defendant having disclaimed title to the land and all right to the possession of the property, the sole question in the case is, who shall pay the costs? And it would seem that question has been given about the same attention that would have been given, had the case involved title to the land itself.] [10]

This suit was brought on July 1, 1886. Service was made on the defendant on July 16, 1886. We say to you now, although, as a preliminary item of proof, we admitted in evidence the assignments of the leases including this land, from Short to Mrs. Sherman, that there is no evidence of any title in Mrs. Sherman and so far as this is concerned, we throw it out of the case altogether.

In order to maintain an action of ejectment, two things are necessary: First, it is necessary to prove a right of possession in the plaintiff; and so far as that is concerned, as against the defendant, J. W. Sherman, that right is shown. But that is not sufficient. If one of you have a claim to a piece of land, you can only maintain an action of ejectment for it against the person who was in possession at the time of the bringing of the suit, or at least at the time of the service of the writ. This brings us to what we regard as the material question in this case. Was the defendant, J. W. Sherman, in the possession of this land at the time of the bringing of this suit, or at the most,

at the time of the service of the writ, July 16, 1886? If he was, then you find a verdict against him for the costs. If not, then you find a verdict in favor of the defendant.

So far as the question of possession is concerned, the sheriff's return of the writ, given in evidence, is prima facie evidence that the defendant was in possession. But it is only prima facie evidence, and is subject to be rebutted. [In addition to the service by the sheriff, evidence has been given of acts done by Mr. Sherman, the defendant, in connection with the land; overseeing to some extent, and to a certain extent employing hands and giving directions in regard to it, and I believe, as stated by Mr. Sherman, in some instances paying them either by the check of Mrs. Sherman or by currency. So far as this is concerned, we say, that whether Mrs. Sherman had any title or not, if she claimed title and if Mr. Sherman did all these acts simply as her representative, or merely as her agent, then he had no possession of the property, any more than if one of you had been hired to go there and look after the property, and do the same acts that he did.] [11] . . .

[I have endeavored to call your attention to what I think is the real question in the case. And we repeat that the mere acts by Mr. Sherman, as the agent of his wife, if such was the fact, did not give him any possession of the property, nor subject him to an action of ejectment, any more than if you hired a man to oversee your farm, and harvest your crops, and put them into the barn, it would render the man thus employed subject to an action of ejectment for the farm. We say to you, if under this evidence, you find that the defendant was in the possession of the property, that is, if he was there claiming it as his own, exercising acts of ownership over it as his own, then you can find a verdict in favor of the plaintiff. We will determine the question of costs afterwards. On the other hand, if he was there simply as the agent and representative of Mrs. Sherman, whether she had any title to it or not, he disclaiming title, then the verdict should be for the defendant.] [12]

We will read the points of the plaintiff and answer them together.

1. That a defendant in possession of land at the date of a sheriff's sale thereof as his property, cannot, in an action of ejectment brought by the purchaser at such sale to recover

possession of the land sold, set up an independent adverse title to defeat the plaintiff's title acquired at such sale, nor to justify his retention of possession; by such sale the purchaser becomes entitled to the possession of the debtor.[1]

2. It is a presumption of law, in a contest between a married woman and her husband's creditors, that property either real or personal purchased or acquired by the wife after marriage, and in the joint possession of the husband and wife, or in the possession, management, and control of the husband, belongs to the husband; and, upon a sheriff's sale thereof as the husband's property, the purchaser as a matter of law becomes entitled to the possession of such property as against the husband, or as against any claim of the wife, unless she shows affirmatively, by clear and satisfactory evidence, that she purchased and paid for it with means not derived from her husband, or, if upon credit, that she had a separate estate, independent of her husband, and that such purchase was upon the faith and credit of such separate estate; and the burden of proof is on her to show these facts by a preponderance of evidence before she can hold such property as against her husband's creditors.[2]

3. It appearing from the proofs and records in evidence that R. C. Duncan, the plaintiff in this action, was a judgment creditor of J. W. Sherman as whose property the lands in question were sold, and that an assignment of the lease or title to such lands, was made by Alfred Short to Mrs. Ann L. Sherman, the wife of said J. W. Sherman, in the face of such indebtedness, in the absence of clear and satisfactory proof on claim of title by the wife, that she purchased and paid for it with money not derived from J. W. Sherman, her husband, or that she had a separate estate and that such purchase was upon the faith and credit of such separate estate, the presumption of law is that the title or lease of said lands was purchased and paid for with money or credit of the husband; and, no conveyance appearing to have been made out of him, that he was the legal owner thereof at the date of the sheriff's sale, and the plaintiff is entitled to recover possession of said lands as the purchaser of J. W. Sherman's title, which the law presumes was in him.[3]

4. A married woman cannot purchase either real or personal

estate upon credit and sustain her claim of title, until she shows by clear and satisfactory proof that she not only has a separate estate and money of her own, but that such purchase was paid for with her own money or obtained upon the faith and credit of such separate estate, and the products and earnings of property so purchased, as well as the property acquired with the money derived therefrom, belong to the husband, as between the wife and his creditors.[4]

5. That it requires the same degree of proof as to the wife's title where a husband attempts to justify his possession of lands sold at sheriff's sale as his property by a judgment creditor, as it would in a contest directly between such creditor and the wife; and, before he would be entitled to retain possession under her title, he must show by clear and satisfactory proof all the elements to make her title good, and if the evidence falls short of these requirements, the plaintiff is entitled to recover.[5]

7. There is no evidence that the property in controversy, was or is, the property of Ann L. Sherman, and in the absence of such proof the presumption is that the property belonged to J. W. Sherman, down to the time it was sold to the plaintiff, and he, J. W. Sherman, cannot explain his acts in connection with it by showing that he was the agent of his wife in managing his own property.[6]

9. To show possession it is not necessary to prove that the defendant was living upon, or raising grain, upon the land. Acts of managing and controlling property, when proved, are facts from which the jury may infer possession.[7]

10. If the plaintiff is entitled to recover, he is entitled to a verdict for the land in controversy, and legal damages and costs.[8]

In answer to these points we say to you, that so far as the points are in accordance with what we have said to you was the controlling question in this case, they are affirmed. And so far as they are not in accordance with the opinion we expressed in the general charge, they are refused.[9]

[We may add, that the fact that the defendant is the husband of Mrs. Sherman, so far as the question before you is concerned, should have no bearing upon the question, provided you believe their testimony is correct. The rights of the wife are as

distinct from those of the husband as those of strangers, and should be so regarded, so far as the question in this case is concerned, which we repeat, is simply the naked question, whether at the time of the service of this writ J. W. Sherman was in possession of this property, claiming it as his own, or was he overseeing it, and doing the acts that are claimed to indicate possession, as the agent of his wife. If the former, the plaintiff is entitled to recover. If the latter, the verdict should be for the defendant.] [13]

The verdict of the jury was in favor of the defendant, and judgment being entered thereon, the plaintiff took this writ, specifying that the court erred :

1–8. In not specifically affirming the plaintiff's 1st, 2d, 3d, 4th, 5th, 7th, 9th, and 10th points.[1 to 8]

9. In reading and answering all the plaintiff's points together, and in not answering each point separately.

10–13. In the parts of the charge embraced in [ ] [10 to 13]

*Mr. J. W. Lee* (with him *Mr. J. H. Donly* and *Mr. H. H. Goucher*), for the plaintiff in error :

1. When, in an ejectment brought by the sheriff's vendee, the defendant is shown to be in possession at the time of the service of the writ, he cannot show title in another by way of defence : Stahle v. Spohn, 8 S. & R. 317 ; Young v. Algeo, 3 W. 223 ; Snavely v. Wagner, 3 Pa. 275 ; Dunlap v. Cook, 18 Pa. 454. There seems to be but a single exception to the rule stated, and that is, that a husband may set up the title of his wife, to justify his retention of the property; but it is the title of his wife he must set up and prove, not her claim of title : Johnson v. Fullerton, 44 Pa. 466. And to bring the property of a married woman under the protection of the act of 1848, it is made necessary, by the letter as well as by the spirit of the statute, to prove that she owns it; she must identify it as property which was hers before marriage, or show how she came by it afterwards : Keeney v. Good, 21 Pa. 349, 355. The presumption of law is, that property acquired during coverture was paid for with the husband's money, and it is liable for his debts existing at the time : Keeney v. Good, supra ; Aurand v. Schaffer, 43 Pa. 364 ; Kingsbury v. Davidson, 112 Pa. 380.

2. The ninth assignment charges error in answering all the plaintiff's points together, instead of answering each separately. Exception was taken to this specially, as soon as the jury retired, and it was not then too late to recall the jury and correct the error. " This is a very unsatisfactory way of answering points. It renders the point of no possible value with the jury, and always adds greatly to our labors. . . . . . If the practice is continued, and especially if it increases, some of our earlier decisions will have to be modified, and a more literal compliance with the act of assembly enforced : " Mr. Justice PAXSON, in Huddleston v. West Bellevue Bor., 111 Pa. 110. These earlier decisions were before the passage of the act of March 24, 1877, P. L. 38, which requires the answers to the points to be in writing and read to the jury before they retire.

*Mr. W. E. Rice* (with him *Mr. R. Brown, Mr. Charles W. Stone* and *Mr. H. E. Brown*), for the defendant in error :

1. Ejectment is a possessory action and can be sustained only against one in the actual possession : 2 T. & H. Pr. § 1848. The question was not one of title, for the defendant had disclaimed, but one of possession alone. That was left to the jury, and upon sufficient evidence they have found that the apparent possession of the defendant was that of his wife. All the authorities cited by the plaintiff relate to the wife's title, not to her possession, nor the possession of her husband for her as agent. They relate to a purchase by her on credit, or to her title in some way. Here, it was wholly immaterial whether she had title or not. A disclaimer goes to the denial by the defendant of both title and possession, and saves the plaintiff all trouble if he choose to take the party disclaiming at his word ; but if he do not, he may take his chances of proving him in possession : Tripner v. Abrahams, 47 Pa. 230.

2. The points, ten in number, all involved the same legal proposition, and they were all explicitly answered in the charge. It is stated in Patterson v. Kountz, 63 Pa. 246, as settled, that it is not necessary for a judge to answer separately every point which may be presented to him, if the points are substantially answered in the charge. This case was decided under the act of April 17, 1856, P. L. 396. The act of May 24, 1877, P. L. 38, does not substantially change the law. Besides, as was said

by Justice Huston, in Coates v. Roberts, 4 R. 112, these propositions are often drawn up with as much " care as candor."

OPINION, MR. JUSTICE WILLIAMS :

This was an action of ejectment by a purchaser at sheriff's sale. The defendant, who was also the defendant in the judgment on which the sheriff's sale was effected, filed, when he appeared to the action, a disclaimer of "all right, title and interest" in the land described in the plaintiff's writ, and a denial that he was when served, or at any time before or after service, in possession thereof. This disclaimer though not a plea to the action, is a solemn declaration of record that the defendant will not present, because he does not claim to have, any title whatever to the land in controversy, or to the possession of the same. The plaintiff had the right, when this statement went upon the record, to take judgment against the defendant and so end the case ; but such judgment, as it must rest upon the disclaimer, would necessarily be at the plaintiff's own cost. If the disclaimer be true, then the action was unnecessary, and no legal basis for the imposition of costs upon the defendant appears upon the record. But the plaintiff had the right to take issue with the defendant upon the question of his possession, and, if he succeeded in showing that the disclaimer was in this particular untrue, then the action was necessary, and the plaintiff was entitled to a judgment for his costs, as well as for the land described in his writ. Such is the rule fairly deducible from the cases : Hill v. Hill, 43 Pa. 521 ; Kirkland v. Thompson, 51 Pa. 216 ; Harris v. Tyson, 24 Pa. 347 ; Lane v. Harrold, 66 Pa. 319.

It is true, as the learned judge of the court below well said, that the sole question, to be determined by the trial, was that of the possession of Sherman ; but this was to be investigated in view of the facts peculiar to the case. These were, first, that the defendant was the judgment debtor whose right to the possession, if he had any, was now in the plaintiff, by virtue of his purchase at sheriff's sale ; second, that he had explicitly disclaimed title, and that as between him and the plaintiff, therefore, the plaintiff was entitled. to judgment for the land when the trial was entered upon. The practical question to be decided by the trial was, shall the judgment in favor of the

plaintiff for the land be entered with or without costs? This depended on what the jury should find the fact to be in regard to the possession.

The plaintiff showed possession, prima facie, by the sheriff's return, and followed this by proof that the defendant was upon the land, in the exercise of acts of apparent ownership, from time to time. To this showing the defendant's reply was, that he was the agent of his wife, and his acts upon the ground were hers, done under her direction. We think this would have been a sufficient reply, if he had shown that his wife had title. His disclaimer was, for the purposes of the trial, an admission of the plaintiff's title, upon which as we have seen judgment might properly be entered against him, and he could not defend his possession under the title of a stranger after such an admission. But we have held that this rule is subject to an exception in favor of the wife, because otherwise, as has been well said, she would be worse off than a stranger, as she would be put out of possession with her husband, without a hearing upon her separate right to the possession. But her possession is presumptively that of her husband: Keeney v. Good, 21 Pa. 349. It could not, therefore, protect him in the slightest degree, unless the legal presumption as to the origin and nature of her right was first rebutted by proof of her title. It was necessary to show affirmatively that she did not derive her title from him, but, by an honest purchase with her own separate means, or in such other legal manner as would give her a title good against the pursuing creditor. The proof for this purpose must be clear and satisfactory: Tripner v. Abrahams, 47 Pa. 220; Keeney v. Good, supra.

The learned judge of the Common Pleas said to the jury: " There is no proof of any title in Mrs. Sherman ; and, so far as this is concerned, we throw it out of the case altogether; " and yet he allowed a verdict against the plaintiff for costs, notwithstanding the actual possession of the defendant. This was error. The defendant, having in effect admitted the title of the plaintiff by his disclaimer, could not defend his possession under his wife, without showing a title in her. Until this was shown, the legal presumption was in full force that she was in by virtue of his title, and his title had passed to the plaintiff by

virtue of the sheriff's sale. It follows that the plaintiff's second, third, fourth, fifth and seventh points should have been affirmed.

We also think the points should have been so answered as to leave with the jury a clear idea of the rule by which they were to be guided. The plaintiff's counsel submitted a series of points, ten in number, to which the court made this response: "So far as the points are in accordance with what we have said to you was the controlling question in the case, they are affirmed. And so far as they are not in accordance with the opinion we expressed in the general charge, they are refused." It was not necessary to answer specifically every point in this series, but it was necessary to tell the jury the legal rule controlling the questions suggested by the points. We repeat what was said by our brother PAXSON in Huddlestone v. West Bellevue Bor., 111 Pa. 122: "This is a very unsatisfactory way of answering points. It renders the point of no possible value with the jury and always adds greatly to our labors." When such answer leaves the jury without adequate instruction upon the questions presented by the points, it must, if the questions presented are fairly and legitimately raised, be ground for reversal.

The judgment in this case is reversed and a venire facias de novo awarded.