## Savits, Appellant, *v.* Speck.

*Husband and wife—Judgment against husband—Execution against wife —Evidence—Province of court and jury.*

In an action of ejectment by a purchaser at a sheriff's sale to recover property standing in the name of a wife, but sold as the property of the husband, a verdict and judgment for the wife will be sustained where the evidence tends to show that the husband had originally bought the property under articles, but had directed conveyance to be made to his wife; that the whole of the purchase money had been paid by the wife out of moneys made by her in a business carried on independently of her husband; that the cause of action under which judgment was entered against the husband accrued seven years after the conveyance to the wife; that there was nothing to show that the husband had at the time of such conveyance embarked in any hazardous business, or that the conveyance had been executed for the purpose of defrauding future creditors.

Argued Oct. 27, 1902. Appeal, No. 77, Oct. T., 1902, by plaintiff, from judgment of C. P. Huntingdon Co., May T.,

608, (1902).] Statement of Facts—Opinion of the Court.

1900, No. 38, on verdict for defendant in case of Wilson Savits v. William Speck and Mary E. Speck. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment for land in Coalmont borough.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in submitting the case to the jury.

*L. H. Beers,* for appellant.

*W. M. Henderson,* for appellee.

OPINION BY W. D. PORTER, J., December 13, 1902:

Abraham Brode, on February 23, 1889, entered into an executory agreement for the sale of the lot in question to William Speck, who, on the same day, paid $5.00 of the purchase money. The purchase price of the lot, by the agreement, was $200, of which amount $50.00 was to be paid on April 1, 1889, and the balance in semiannual instalments of $25.00 each. Possession was to be given, under this agreement, on April 1, 1889. Prior to April 1, 1889, when the first instalment of purchase money became due, William Speck directed Brode to convey the lot to Mary Speck, his wife, and Brode, on March 29, 1889, executed and delivered to Mary Speck a deed for the premises and she entered into possession. William Savits, the appellant, on May 6, 1898, recovered against William Speck a judgment for the sum of $5.00 with costs, in an action of trespass, which had been commenced on February 8, 1897, in which the statement alleged a cause of action which arose on November 26, 1896. The appellant proceeding under this judgment caused the lot in question to be sold by the sheriff as the property of William Speck, and at that sale became the purchaser. The plaintiff, alleging title under the sheriff's sale, then brought this action of ejectment.

The case was tried upon the correct theory by the learned judge of the court below. It was within the power of Brode and Speck to cancel or modify the written executory article of agreement, and to carry it into effect by the execution and

VOL. XXI—39

delivery of a deed for the property to the wife of the latter. When, by the arrangement among the parties, the agreement was executed by the delivery of the deed to the wife of Speck, the whole title, legal and equitable, became vested in her, as between the parties to the transaction: Boyce v. McCulloch, 3 W. & S. 429; Dayton v. Newman, 19 Pa. 194. The plaintiff could not recover upon the theory that as between Speck and his wife, the title was in the former. The only ground upon which a recovery could be had was that the conveyance of the lot to Mary Speck was a fraud upon the creditors of her husband and as to them void.

If the transaction, which resulted in the vesting of the title in Mary Speck, was in effect a voluntary conveyance from her husband, it was incumbent upon the plaintiff, in order to establish his right to challenge her title, to show that the conveyance was a fraud against himself, and not merely against other creditors who had claims against the husband at the time of the execution of the deed or payment of the purchase money: Harlan v. Maglaughlin, 90 Pa. 293; Kimble v. Smith, 95 Pa. 69. There was no evidence that Speck had embarked in any hazardous business, and nothing whatever to indicate that the conveyance had been executed for the purpose of defrauding future creditors, or that he had about that time, or within a reasonable period thereafter, contracted any new debts. The judgment, upon which the plaintiff had caused the sale of the property as that of Speck, was founded upon a cause of action which did not arise until over seven years after Mary Speck had acquired title to this property. The injury complained of in that action was a wilful trespass of Speck upon the property of Savits, and there was no evidence from which a jury ought to have been permitted to find that Speck had had that act of trespass in contemplation for over seven years. If, therefore, the plaintiff had any standing to call in question the title of Mary Speck, it must have been upon the ground of some claim against her husband other than that which was represented by this judgment. The plaintiff produced evidence tending to show that William Speck had been indebted to him at the time the title to the property became vested in the wife. The evidence was flatly contradicted by the witnesses for the defendant. The court instructed the jury that if such indebtedness existed, the plain-

tiff was in a position to challenge the title of the wife, and it was encumbent upon her to prove by clear and satisfactory evidence that she had paid for the lot with money derived from sources entirely independent of her husband. The existence of an indebtedness upon the part of Speck to Savits, at the time of the conveyance, was fairly left to the jury.

The character and measure of proof to sustain the title of the wife, in case the jury found that her husband had been indebted to Savits, was explained by the court to the jury in terms of which the plaintiff certainly had no right to complain. It was necessary for her to show affirmatively that she did not derive title from her husband, but by an honest purchase from her own separate means, or in such other legal manner as would give her a good title against the pursuing creditor. The proof must clearly define the sources from which she derived the money paid for the property, and satisfactorily establish that those sources were independent of the husband. When the evidence offered in support of the wife's title, if true, does not distinctly establish the property to be that of the wife, derived from sources independent of her husband, it may be the duty of the court to so declare: Duncan v. Sherman, 121 Pa. 520. When the wife in support of her title produces evidence which clearly and satisfactorily indicates the sources from which her property has come, the mere fact that that evidence is contradicted is not necessarily fatal to her right, the question is then one for the jury to decide upon the preponderance of the evidence: Spering v. Laughlin, 113 Pa. 209. Mary Speck produced. evidence, which, if believed, clearly established that all the money which was paid to Brode for this property, including the $5.00 which had been paid at the execution of the agreement, was paid by her, and satisfactorily designated the sources, outside of her husband, from which that money came. It is true that at the time the conveyance to her was executed, she became indebted to Brode for the deferred payments of the purchase money. She bought property on credit. She paid off her debt, if the testimony is to be believed, out of moneys made by her in a business carried on independently of her husband. The contention of the appellant that this purchase upon credit was fatal to her title in the absence of proof that she was then possessed of a separate estate, would not have been without

force prior to the act of 1887, but that such is not the case under that statute has been expressly decided: Campe v. Horne, 158 Pa. 508. This case was for the jury and the judgment is affirmed.